IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juul Labs, Inc., | |
| Plaintiff, | |
| v. | Civil Action No. |
| J Well France S.A.S., | **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| Bo Vaping, | |
| MMS Distribution LLC, | |
| The Electric Tobacconist, LLC, | |
| Defendants. | |

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against J Well France S.A.S. ("J Well"), Bo Vaping, MMS Distribution LLC ("MMS"), and The Electric Tobacconist, LLC ("Electric Tobacconist") (collectively "Defendants") and alleges as follows:

## NATURE OF THIS ACTION

1.     This is a civil action arising out of Defendants' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2.     Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3.     J Well is a French corporation with its principal place of business at 21 Boulevard Ney, 75018 Paris, France.

4.     Bo Vaping is a New York corporation with its principal place of business at 591 Stewart Avenue, Garden City, NY 11530.

5.      MMS is a New York corporation with its principal place of business at 195 Lake Louise Marie Road, Rock Hill, NY 12775.

6.      Electric Tobacconist is a Colorado corporation with its principal place of business at 3235 Prairie Avenue, Boulder, CO 80301.

<u>**JURISDICTION AND VENUE**</u>

7.      This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over J Well at least because J Well has purposefully imported the accused Bo One and Bo+ devices and pods into New York, made those products available for sale through an established distribution chain (including retailers in New York, as well as the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1 [print out of Bo devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [retail receipt of Bo device]; Ex. 4 [online receipt of Bo device].

9.      This Court has personal jurisdiction over Bo Vaping at least because Bo Vaping has purposefully distributed the accused Bo One and Bo+ devices and pods into New York, made those products available for sale through an established distribution chain (including retailers in New York, as well as the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1 [print out of Bo devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [retail receipt of Bo device]; Ex. 4 [online receipt of Bo device].

10.     This Court has personal jurisdiction over MMS at least because MMS has purposefully distributed the accused Bo One and Bo+ devices and pods into New York, made those products available for sale through an established distribution chain (including retailers in

New York, as well as the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1 [print out of Bo devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [retail receipt of Bo device]; Ex. 4 [online receipt of Bo device].

11.     This Court has personal jurisdiction over Electric Tobacconist at least because Electric Tobacconist has purposefully distributed the accused Bo One and Bo+ devices and pods into New York, made those products available for sale through an established distribution chain (including retailers in New York, as well as the www.electrictobacconist.com website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1 [print out of Bo devices and pods on electrictobacconist website]; Ex. 2 [shipping information from Electric Tobacconist Website]; Ex. 3 [retail receipt of Bo device]; Ex. 4 [online receipt of Bo device].

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over J Well, and there is no district in which J Well resides. Venue is also proper in this District under 28 U.S.C. § 1400(b) because Bo Vaping and MMS have regular and established places of business in this District and have committed acts of infringement in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669

13.     Juul re-alleges and incorporates by reference Paragraphs 1-12 above, as if fully set forth herein.

14.     On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S.

Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

15.     The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 5.

16.     Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

17.     On information and belief, J Well, Bo Vaping, MMS, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Bo One devices and pods that infringe the '669 patent under 35 U.S.C. § 271(a). Specifically, the Bo One devices and pods infringe claims 12, 13, 16, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Bo One devices and pods is attached as Exhibit 6.

18.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '669 patent has irreparably harmed Juul. Unless J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

19.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,058,130

20.    Juul re-alleges and incorporates by reference Paragraphs 1-19 above, as if fully set forth herein.

21.    On August 28, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,058,130, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '130 patent issued from U.S. Application No. 15/813,089, filed November 14, 2017. There are no fees currently due with respect to the '130 patent.

22.    The '130 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '130 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '130 patent is valid and enforceable. A true and correct copy of the '130 patent is attached as Exhibit 7.

23.    Juul virtually marks its products with the appropriate patent numbers, including the '130 patent.

24.    On information and belief, J Well, Bo Vaping, MMS, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Bo One and Bo+ devices and pods that infringe the '130 patent under 35 U.S.C. § 271(a). Specifically, the Bo One and Bo+ devices and pods infringe claims 1, 2, 4-6, 8-10, 16, 19, 21, and 27 of the '130 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. Exemplary claim charts for the Bo One and Bo+ devices and pods are attached as Exhibits 8 and 9.

25.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '130 patent has irreparably harmed Juul. Unless J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

26.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '130 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,045,568

27.     Juul re-alleges and incorporates by reference Paragraphs 1-26 above, as if fully set forth herein.

28.     On August 14, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,045,568, entitled "Vaporization Device Systems and Methods," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, and Ariel Atkins. The '568 patent issued from U.S. Application No. 15/832,749, filed December 5, 2017. There are no fees currently due with respect to the '568 patent.

29.     The '568 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '568 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '568 patent is valid and enforceable. A true and correct copy of the '568 patent is attached as Exhibit 10.

30.     Juul virtually marks its products with the appropriate patent numbers, including the '568 patent.

31.     On information and belief, J Well, Bo Vaping, MMS, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Bo One and Bo+ devices and pods that infringe the '568 patent under 35 U.S.C. § 271(a). Specifically, the Bo One and Bo+ devices and pods infringe claims 1-3, 5-9, 12, and 17-20 of the '568 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. Exemplary claim charts for the Bo One and Bo+ devices and pods are attached as Exhibits 11 and 12.

32.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '568 patent has irreparably harmed Juul. Unless J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

33.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '568 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,076,139

34.     Juul re-alleges and incorporates by reference Paragraphs 1-33 above, as if fully set forth herein.

35.     On September 18, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,076,139, entitled "Vaporizer Apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '139 patent issued from U.S. Application No.

15/257,760, filed September 6, 2016. There are no fees currently due with respect to the '139 patent.

36.     The '139 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '139 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '139 patent is valid and enforceable. A true and correct copy of the '139 patent is attached as Exhibit 13.

37.     Juul virtually marks its products with the appropriate patent numbers, including the '139 patent.

38.     On information and belief, J Well, Bo Vaping, MMS, and Electric Tobacconist manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Bo One devices and pods that infringe the '139 patent under 35 U.S.C. § 271(a). Specifically, the Bo One devices and pods infringe claims 20, 21, 24, 28, and 29 of the '139 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Bo One devices and pods is attached as Exhibit 14.

39.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '139 patent has irreparably harmed Juul. Unless J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

40.     By their actions, J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement of the '139 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringing acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against J Well, Bo Vaping, MMS, and Electric Tobacconist as follows:

A.      That J Well, Bo Vaping, MMS, and Electric Tobacconist and all of their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with J Well, Bo Vaping, MMS, and Electric Tobacconist and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B.      A judgment by the Court that J Well, Bo Vaping, MMS, and Electric Tobacconist have infringed U.S. Patent Nos. 10,070,669; 10,058,130; 10,045,568; and 10,076,139;

C.      An award of damages for infringement of U.S. Patent Nos. 10,070,669; 10,058,130; 10,045,568; and 10,076,139 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of J Well's, Bo Vaping's, MMS', and Electric Tobacconist's infringement, as provided by 35 U.S.C. § 284;

D.      A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.      That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F.      For costs of suit; and

G.      For such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a

trial by jury of any issues triable of right by a jury.

Dated: October 3, 2018                   By:   /s/ Jessica M. Lau
                                                Theodore L. Hecht
                                                Jessica M. Lau
                                                SCHNADER HARRISON SEGAL & LEWIS LLP
                                                140 Broadway, Suite 3100
                                                New York, New York 10005
                                                (212) 973-8000
                                                thecht@schnader.com
                                                jlau@schnader.com

                                                *Attorneys for Plaintiff Juul Labs, Inc.*


                                                *Of Counsel:*

                                                Daniel E. Yonan
                                                Michael E. Joffre
                                                Nirav N. Desai
                                                STERNE, KESSLER, GOLDSTEIN & FOX PLLC
                                                1100 New York Avenue, NW
                                                Washington, DC 20005
                                                (202) 371-2600
                                                (202) 371-2540 (fax)
                                                dyonan@sternekessler.com
                                                mjoffre@sternekessler.com
                                                ndesai@sternekessler.com